**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | CRIMINAL NO. PX-22-077 |
| TIMOTHY DARREN PROCTOR, | * | |
| | * | |
| Defendant. | * | |
| | * | |

*******

**GOVERNMENT'S OMNIBUS MOTION IN LIMINE TO EXCLUDE EVIDENCE AND**
**TESTIMONY REGARDING POLICE DISCIPLINARY RECORDS AND TO ADMIT**
**404(B) EVIDENCE OF PRIOR BAD ACTS**

The United States of America, by and through undersigned counsel, respectfully submits the following motions *in limine* in advance of trial, scheduled for September 30, 2024. First, the Government respectfully moves to exclude any disciplinary records of Corporal Melissa Line, PGPD #3446; Corporal Jose Perez, PGPD #3382; Officer Marcus Martinez, PGPD #4177; and Officer Job Welcome, PGPD #4091. Second, the Government respectfully moves to admit two of defendant's prior convictions – one in 2011 and one in 2019 – as intrinsic evidence or, alternatively, as extrinsic evidence under Federal Rules of Evidence 404(b) and 403 ("Rule 404(b)"), as impeachment evidence under Rule 609, or in compliance with the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. 225 139 S.Ct. 2191 (2019).

## Factual Background

On July 10, 2021, defendant Timothy Darren Proctor (the "Defendant") was nonresponsive in his car when officers responded to a 911 call that an individual appeared to be asleep or passed out at the wheel of a vehicle parked in front of at 6400 Gifford Lane, Temple Hills, Maryland. In the ensuing stop, the Defendant was found to be in possession of a controlled dangerous substance and a firearm.

When officers arrived, the Defendant still appeared to be asleep.  Officers Line, Perez, Martinez, and Welcome, began shaking the vehicle and banging on the windows in order to rouse the Defendant.  After some time, the Defendant responded and opened the windows.  Officers began asking the Defendant questions, and because he appeared confused and potentially under the influence of drugs, alcohol, or some other  substance, the officers asked the Defendant to step out of the vehicle.  Once outside, the Defendant was asked to lift his shirt so that the officers could check for weapons.  When the Defendant lifted his arms, Corporal Line saw a small baggie sticking out of his front coin pocket.  When alerted to the presence of the baggie, Officer Welcome pulled the bag out and indicated to  the  other officers that it  appeared to be  a  controlled dangerous substance.  Officer Welcome then placed the Defendant in handcuffs.

When Officer Welcome confirmed that the Defendant had what appeared to be a controlled dangerous substance, Corporal Line searched the vehicle.  Within a few moments of beginning the search,  Corporal Line found a firearm in the center console.

### Procedural Background

On March 3, 2022, the Defendant was charged by indictment with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  ECF No. 1.  On June 29, 2022, the Defendant made his initial appearance.  ECF No. 4.  On August 1, 2022, the Defendant filed a motion for review of the detention order and a detention hearing was set for August 19, 2022.  ECF No. 15.

On August 18, 2022, the Defendant was charged in a superseding indictment that included the original charge for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and added two additional charges.  ECF No. 16.  The two additional charges were possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  *Id*.  A detention hearing

was held on August 19, 2022, before the Honorable Magistrate Judge Quereshi, who ordered the Defendant detained pending trial.  ECF. No. 21.

On September 23, 2022, the Defendant filed a Motion to Suppress Evidence.  ECF No. 24.  On July 11, 2023, the Court denied the Defendant's Motion to Suppress.  ECF Nos. 46, 48.  After several continuances, trial in this case is now set to commence on September 30, 2024.  ECF Nos. 56, 57, and 59.

## ARGUMENT

### I.   *The Disciplinary Records for the Arresting Officers Should be Excluded.*

The disciplinary records of Corporal Melissa Line, PGPD #3446; Corporal Jose Perez, PGPD #3382; Officer Marcus Martinez, PGPD #4177; and Officer Job Welcome, PGPD #4091 should be excluded and there are several reasons for doing so.  First, they are not relevant under the Federal Rules of Evidence 401 and 402.  By definition, these records concern different cases and two of the four officers, as indicated further below, will not even be testifying in the government's case-in-chief. See TP_246-258.

Corporal Melissa Line has two sustained incidents, one for failure to submit property and the other for a procedural violation regarding handcuffing, none of which are issues in this case.  See TP_246-247.  Officer Welcome has six sustained incidents, which include one incident for failure to appear in court, three incidents for departmental accidents, one incident for attention to duty for failure to complete an incident report, and one incident for a procedural violation regarding his mobile video system.  TP_252-258.  Officer Marcus Martinez has no incidents but will also not be testifying in Mr. Proctor's case.  See TP_248.  Lastly, Corporal Perez has five sustained incidents, which include speeding, failure to appear in court (two separate incidents), a procedural violation regarding the use of sick time, and a procedural violation regarding the

mobile video system (MVS), and the Government also does not intend to call him as a witness. TP_249-251.[1] These incidents have no relevance since none of the sustained incidents would have any bearing on the two officers' who are expected to testify (Line and Welcome) regarding the events that led to the Defendant's arrest—especially in this instance, where the events are captured on officer body worn camera from all four officers.

Second, even if the evidence were determined to be relevant, it should be excluded under Rule 403. The Court will be able to view video footage (including audio) of Mr. Proctor's stop and hear officer testimony from Officers Welcome and Line. The minimal probative value of records regarding other cases would be substantially outweighed by the unfair prejudice these files could generate and would waste the Court's and witnesses' time. *See United States v. Novaton*, 271 F.3d 968, 1007 (11th Cir. 2001)(citing *Ad–Vantage Tel. Directory Consultants, Inc. v. GTE Directories Corp.*, 37 F.3d 1460, 1464 (11th Cir.1994)) (excluding questioning regarding officers' unproven misconduct because, in part, prejudice would have substantially outweighed probative value).

Third, the evidence would not be admissible as character evidence under Rule 608. Rule 608(b) specifically excludes extrinsic evidence to prove specific instances of a witness's conduct to attack a witness's character for truthfulness. *See United States v. Dabney*, 498 F.3d 455, 459 (7th Cir. 2007) (holding unsubstantiated allegations of misconduct against police officers not discoverable or admissible under Rule 608(b)). While Rule 608(b) does allow instances of misconduct to be inquired into on cross-examination if they are probative of the character for truthfulness, none of the disciplinary records here is relevant to truthfulness. *See United States v.*

---

[1] There is one additional incident for Officer Perez dated May 9, 2019, which was labeled "Unbecoming Conduct," but was ultimately not sustained and was subject to "Administrative Closure." This incident was the subject of Defendant's recent Motion in Limine to include such evidence. TP_251.

*Harris*, 551 F. App'x 699, 706 (4th Cir. 2014) (holding disciplinary records involving excessive force and allegations of false arrests and planted evidence are not probative of character for truthfulness and inadmissible under Rule 608(b)).

Fourth, there is simply no basis to include any disciplinary records for a witness that is not testifying in the Government's case, and as such, the Court should exclude any and all evidence of disciplinary records related to Officers Marcus Martinez and Jose Perez.

Finally, the evidence should be excluded to avoid wasting time and to protect the witnesses from harassment under Rule 611. The Defendant has already been heard on his motion to suppress evidence based on his claim that there was an illegal search and seizure, and that motion was denied by this Court. Issues related to the discipline of officers have no bearing on the upcoming trial in this case and the guilt or innocence of Mr. Proctor. A trial is not a forum for litigating what happened in other cases or what the defense may perceive to be problems with the Prince George's County Police or individual police officers writ large. The Court properly should exercise its discretion under Rule 611 to avoid such detours.

II.    *The Defendant's prior criminal convictions related to the possession or sale of drugs and the possession of a weapon are admissible under Rule 404(b).*

The Government further believes that two sets of the Defendant's prior convictions are admissible under Rule 404(b). The first of these was in 2011 for Possession with Intent to Distribute a Controlled Substance and Unlawful Possession of Liquid PCP in Washington, DC, Docket No.: 2011 CF2 003591, for which the Defendant was sentenced to 20 months' incarceration. The accompanying facts are as follows: officers attempted a traffic stop of the Defendant's vehicle when the defendant fled. During the chase, officers observed the defendant throw something out of the window. Shortly after, a traffic stop was made. The object thrown out of the window was recovered and found to be 3.6 grams of a white, rock-like substance in plastic

5

wrap that field-tested positive for cocaine. The Defendant was placed under arrest for PWID crack cocaine. During a search of the Defendant, 1.1 grams of a white, rock-like substance and $1,725.00 were found on the defendant's person. Additionally in the Defendant's vehicle, officers recovered a one-ounce vial of suspected PCP.

The second conviction and accompanying facts were for the 2019 crime of Conspiracy to Distribute Controlled Substances and Distribution of Controlled Substances in U.S. District Court for the Eastern District of Virginia, Docket No. 19CR206-001. In that case, the Defendant was sentenced to 24 months' incarceration. The facts are as follows: in 2014, the Defendant was identified as a co-conspirator of Ahmad Sayed Hashimi who was convicted at trial in 2016 of drug conspiracy, interstate domestic violence, and kidnapping charges. The Defendant was identified as a co-conspirator who sold oxycodone, marijuana, and MDMA. The defendant and co-conspirators conspired from mid-2016 to March 2018 to distribute oxycodone and cocaine. Additionally, the defendant and co-conspirators engaged in the sale of a firearm (.38 caliber Colt Automatic handgun bearing serial number 135784) to a confidential source while the Defendant was even at that time a convicted felon prohibited from possessing firearms.

Rule 404(b) prohibits the admission of evidence of other wrongs or acts to prove the defendant's propensity to commit crimes or the defendant's bad character. *United States v. Lightly*, 616 F.3d 321, 351 (4th Cir. 2010) (citing *United States v. Queen,* 132 F.3d 991, 994–95 (4th Cir.1997)). However, the Fourth Circuit has been clear that Rule 404(b) is ultimately a rule of inclusion, and trial courts should admit evidence unless it is offered ***solely*** to prove criminal disposition. *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997) ("[T]he rule specifies that such evidence is generally admissible except when it is offered to prove the character of a person in order to show action in conformity therewith."). Thus, evidence of other wrongs should be

admitted to prove, among other things, "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).

Ultimately, evidence of other wrongs is admissible under Rule 404(b) when the court finds that it is "(1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charged offense; and (3) reliable," and, pursuant to Rule 403, that (4) its probative value is not substantially outweighed by any unfair prejudice. *Id.*; *United States v. Hodge*, 354 F.3d 305, 312 (4th Cir. 2004). "Relevance" is a low evidentiary threshold; it is defined for these purposes to include any evidence that is "sufficiently related to the charged offense." *United States v. Rawle*, 845 F.2d 1244, n.3 (4th Cir. 1988); *United States v. Barnett*, 63 F. App'x 643, 646 (4th Cir. 2003). Whether evidence is "necessary" under Rule 404(b) "must be appraised in the light of other evidence available to the government." *United States v. Mark*, 943 F.2d 444, 448 (4th Cir. 1991) (quoting *United States v. DiZenzo*, 500 F.2d 263, 266 (4th Cir.1974)). Relevant evidence is not necessary if the existing evidence is "so strong" as to be "unassailable." *United States v. Mark*, 943 F.2d 444, 448 (4th Cir. 1991) The third element, "reliability," requires proof only by a preponderance of the evidence. *Huddleston v. United States*, 485 U.S. 681, 685 (1988) (finding that "extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct.").

Generally, a not-guilty plea places a Defendant's intent at issue; therefore, evidence of similar prior offenses may be relevant to prove intent in the charged offenses. *United States v. Sanchez*, 118 F.3d 192, 196 (4th Cir. 1997). Evidence with a close factual nexus to the conduct underlying the offenses charged, particularly when it was produced by the Defendant, is particularly relevant and necessary to probe the intent and knowledge of the Defendant in the

charged case. *United States v. Bell*, 901 F.3d 455, 466 (4th Cir. 2018); *see also United States v. Smith*, 383 Fed App'x 355, 357–358 (4th Cir. 2010) (affirming admission of evidence of prior cocaine distribution convictions to prove Defendant's knowledge and lack of mistake).

In *Bell*, the defendant had previously been arrested in D.C. with a gun and drugs, including cocaine, packaged in baggies. *United States v. Bell*, 901 F.3d 455, 465 (4th Cir. 2018). The District of Maryland judge held that that evidence was probative of his intent and motive of the charged offenses: possession with the intent to distribute, possession of a firearm as a felon, and possession of a firearm in furtherance of a drug-trafficking crime. *Id.* Moreover, when evidence of prior convictions is supported by similar factual context, the evidence is given more weight towards admissibility. *Compare United States v. Hall*, 858 F.3d 254, 275 (4th Cir. 2017) (holding that lack of evidence linking prior offenses to charged offenses was insufficient to warrant admission) *with United States v. Hodge*, 354 F.3d 305, 311–12 (4th Cir. 2004) (holding that evidence of defendant's 1996 drug transactions in another state was relevant and necessary to show "knowledge of the drug trade and his intent to distribute"). In this case, the prior conduct committed—and admitted—by the Defendant, for which he was convicted and sentenced, is relevant and necessary to showing whether the Defendant knowingly possessed the fentanyl with the intent to distribute it, as well as whether the Defendant possessed the loaded firearm as a convicted felon and in furtherance of his drug trafficking crime. Like the defendant in *Bell*, the Defendant's prior convictions pertain to the same type of conduct (e.g., distribution) at issue in the charged offense. And even though the drugs at issue in his prior convictions – crack cocaine in 2011 and cocaine, oxycodone, marijuana, and MDMA in 2019 – he nevertheless was convicted of distribution offenses for numerous and different drugs. That the Defendant was convicted of the 2011 offense and pleaded guilty to the 2019 offenses only bolsters their reliability.

The Government must prove that the Defendant knew that the items he possessed were controlled substances. Additionally, the Government must prove that the Defendant's intent was to distribute those drugs. Moreover, the Government must prove that the Defendant knowingly possessed the firearm charged and did so knowing he had the relevant status as a felon. The evidence of the Defendant's prior convictions goes to the heart of these proof requirements: they show that the Defendant knew the character of the substances in his pocket and that he intended to sell the drugs rather than simply possess them for personal use. And just as importantly, the prior convictions are also probative of whether he possessed the firearm to protect, among other things, his person, and his drugs.

This Court should not refuse to admit relevant evidence pursuant to Rule 404(b) unless "its probative value is *substantially* outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence" under Rule 403. Fed. R. Evid. 403. For evidence to be unfairly prejudicial, it must be so confusing that its value is diminished or so emotional that it "tends to subordinate reason . . . in the factfinding process." *Queen*, 132 F.3d at 997. Evidence is not unfairly prejudicial merely because the evidence is damaging to a defendant's case because "highly probative [evidence] invariably will be prejudicial to the defense." *Bell*, 901 F.3d at 465 (citing *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009) (internal quotation marks and citation omitted)). Evidence of prior criminal conduct is admissible when it "did not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged." *United States v. Byers*, 649 F.3d 197, 210 (4th Cir. 2011) (quoting *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995)). Regardless, the Fourth Circuit acknowledges the ability of this Court to eliminate any potentially prejudicial evidence through its instructions to the jury. *See id.*

9

Here, the evidence of prior criminal conduct would not unfairly prejudice the Defendant. Although it would benefit the government's case, the evidence is not confusing or unduly provocative. Consistent with *Byers* and *Boyd*, the prior conduct is not more severe or serious than the charged offenses—rather, it is significantly less so. In this case, the Defendant is charged with possession of a firearm in furtherance of a drug trafficking crime and possession of a firearm following a felony conviction, in addition to possession with intent to distribute the controlled dangerous substance. The previous convictions did not involve all three such charges and thus are less provocative. Here, the probative value of the proffered evidence is significant; the facts of the prior convictions indicate that this defendant has previously possessed and sold illegal narcotics and was involved in the sale of a firearm while a prohibited person.

Moreover, to the extent that any unfair prejudice may be even remotely possible, the United States agrees with the Fourth Circuit that this Court is highly capable of remedying the problem through well-crafted jury instructions.

III.     ***The prior convictions are admissible as impeachment evidence under Federal Rule of Evidence 609.***

Under Federal Rule of Evidence 609, a Defendant's character for truthfulness may be attacked by the admission of evidence of a criminal conviction for a crime that was punishable by imprisonment for more than one year, when the probative value outweighs its prejudicial effect to the defendant and the elements of the crime required proving a dishonest act or false statement. Fed. R. Evid. 609. However, if more than ten years have passed since the defendant's conviction, or release from confinement, whichever is later, the evidence of the prior conviction is admissible only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect and proper notice to the Defendant is provided. *Id.* Depending on the nature of a witness's or defendant's testimony, courts have often admitted prior convictions as

impeachment evidence.  *See e.g., United States v. Ortiz,* 553 F.2d 782, 784-85 (2d Cir. 1977) (in

trial for possessing and distributing cocaine, government may impeach credibility of defendant

with evidence of convictions for heroin sales where court determines that such convictions are

probative of lack of veracity); *United States v. Wiggins*, 566 F.2d 944, 946 (5th Cir. 1978) (Court

is within its discretion to determine that prior heroin distribution conviction affects credibility);

*United States v. Lugo*, 170 F.3d 996, 1005 (10th Cir. 1999) (Evidence of drug defendant's prior

conviction of attempted possession of controlled substance was properly admitted for

impeachment under Rule 609 since defendant denied during his testimony that he had used drugs

or was in vehicle in which they were found) *But see United States v. Jaeger*, 298 F. Supp. 2d 1003

(D. Haw. 2003) (finding in a drug distribution case that the defendant's criminal record could not

be used for impeachment purposes).  Here, the Defendant's convictions in 2019 fall within the 10-

year window.  Should the Defendant testify, these prior convictions are admissible under Federal

Rule of Evidence 609.[2]  Until such time, the government requests that this court hold this portion

of the motion in abeyance.

### IV.   *The prior convictions are admissible under the requirements of Rehaif v. United States.*

Under 18 U.S.C. § 922(g), it is "unlawful for any person" who falls within one of nine

enumerated categories to "possess in or affecting commerce[ ] any firearm or ammunition."  In

*Rehaif,* the Supreme Court held that a defendant's knowledge "that he fell within the relevant status

(that he was a felon, an alien unlawfully in this country, or the like)" is an element of a Section

922(g) offense.  *Rehaif* requires the government to prove that the defendant knew the fact(s) that

---

[2] The Government does not concede that the 2011 conviction is categorically barred from admission as impeachment evidence, depending on the nature of the Defendant's testimony, for example, if he testifies, *e.g.*  Therefore, the Government does not waive its right to argue for the admission of the additional conviction, if, and when, appropriate.

made his possession of a firearm or ammunition unlawful—for example, that he was previously convicted of an offense punishable by more than one year in prison.  Knowledge of status must be admitted in a guilty plea or proved at trial, and the jury must be appropriately instructed regarding the element.

In order to assist in meeting the knowledge element of 18 U.S.C. § 922(g) as described in *Rehaif*, the government seeks to admit the aforementioned 2011 and 2019 certified criminal convictions for offenses that were punishable by a term of imprisonment of more than one year.[3]

---

[3] The need for the admission of such evidence would be obviated by the entry of particular stipulations.  Absent a stipulation, however, given the necessary proof of this evidence, the government respectfully would request admission of such evidence.

## <u>CONCLUSION</u>

For the reasons stated above, the United States respectfully requests that this Court exclude evidence related to disciplinary records of Corporal Melissa Line, PGPD #3446; Corporal Jose Perez, PGPD #3382; Officer Marcus Martinez, PGPD #4177; Office Job Welcome, PGPD #4091. The United States further respectfully requests that this Court admit evidence of the Defendant's prior criminal convictions and relevant admissions of Defendant in his 2011 plea colloquy related to the possession of drugs and guns as evidence in this case. Such evidence is intrinsic to the charged conduct or where it is not, is appropriate for admission pursuant to Rule 404(b) and other rules described herein.

Respectfully submitted.

Erek L. Barron
United States Attorney

_____/s/_____
Joel Crespo
David I. Salem
Assistant United States Attorneys